UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:08-cr-0040-RLY-MJD |
| | ) | |
| ANTHONY PEMBERTON, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Richard L. Young, directing the duty magistrate judge to conduct a hearing on the Petitions for Warrant or Summons for Offender Under Supervision ("Petition") filed on March 7, 2019, March 22, 2019, and April 4, 2019, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on January 5, 2022, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On January 5, 2022, defendant Anthony Pemberton appeared in person with his appointed counsel, Kathryn DiNardo. The government appeared by Bradley Shepard, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Ryan Sharp, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Pemberton of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Pemberton questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Pemberton and his counsel, who informed the court they had reviewed the Petition and that Mr. Pemberton understood the violations alleged. Mr. Pemberton waived further reading of the Petition.

3. The court advised Mr. Pemberton of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Pemberton was advised of the rights he would have at a preliminary hearing. Mr. Pemberton stated that he wished to waive his right to a preliminary hearing.

4. The court advised Mr. Pemberton of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Pemberton, by counsel, stipulated that he committed Violation Numbers 1, 2, 1a, 2a, 3, and 4 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** <br> **"The defendant shall not unlawfully possess a controlled substance."** |

Anthony Pemberton submitted eight positive drug screens for various drugs: opiates (heroin), cocaine, and amphetamines. The screens are as follows: November 27, 2018: opiates; December 6, 2018: opiates and cocaine; January 4, 2019: opiates; January 15, 2019: opiates; January 22, 2019: opiates; February 6, 2019: opiates; February 15, 2019: opiates; February 26, 2019: opiates and amphetamine. The offender admitted that every opiate positive screen was caused by his use of heroin.

2 **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment in accordance with his ability to pay."**

The offender failed to report for three random urine drug screens on: December 18, 2018, December 20, 2018, and January 4, 2019.

The offender voluntarily began participation in a methadone program in January 2019, at the Indianapolis Treatment Center where he was directed to participate in substance abuse treatment. The methadone program was then considered part of his treatment program and directed by this officer and his treatment counselor. The offender failed to report for his methadone dose on five occasions: February 1, 2019; February 11, 2019; February 16, 2019; February 24, 2019; and February 25, 2019.

1a **"The defendant shall refrain from any unlawful use of a controlled substance."**
**"The defendant shall not unlawfully possess a controlled substance."**

Since the last petition was filed, Anthony Pemberton submitted two additional positive urine screens, for a total of ten positive drug screens. The offender submitted a positive screen for opiates on March 6, 2019, which he admitted was due to his use of heroin, and submitted a screen on March 13, 2019, which tested positive for opiates and amphetamines. Additionally, his previously reported screen of February 26, 2019, which tested positive for opiates and amphetamines, was confirmed positive for methamphetamine.

2a **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment in accordance with his ability to pay."**

        The offender failed to report to one additional random urine drug screen on March 29, 2019, for a total of four missed screens.

3    **"The defendant shall not commit another federal, state or local crime."**

        On April 4, 2019, officers of the Indianapolis Metropolitan Police Department executed a search warrant at the home of Anthony Pemberton. The search warrant was based on two controlled buys of methamphetamine from the offender, made by a confidential informant (CI) on March 20, 2019, and April 2, 2019. On each occasion, the offender sold the CI several ounces of methamphetamine. After execution of the search warrant, a third party at the residence, Jamie Mueller, provided officers with approximately three grams of methamphetamine and a quantity of heroin, which she stated the offender provided to her and asked her to conceal on her person prior to the entry of the warrant team. After execution of the search warrant, the offender admitted he was selling four to five ounces of methamphetamine every two to four days. The offender, who is presently unemployed, had approximately $3,000 in U.S. currency in his possession. The offender was arrested and taken into custody on state charges. Assistant U.S. Attorney Brad Shepard advised that it is anticipated that federal charges will be filed against Anthony Pemberton for Possession with Intent to Distribute Methamphetamine, Title 21, section 841.

4    **"You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact."**

        The offender was arrested in his residence on April 4, 2019. Also located in the residence was Jamie Mueller (07/12/1985), a convicted felon, with a 2018 conviction for Dealing Marijuana, in the amount of 400 pounds. Ms. Mueller is currently on probation with Marion County. This officer also encountered Jamie Mueller at the offender's residence on March 1, 2019, not knowing she was a convicted felon.

6.    The court placed Mr. Pemberton under oath and directly inquired of Mr. Pemberton whether he admitted Violation Numbers 1, 2, 3, and 4 of his supervised release set forth above. Mr. Pemberton admitted the violations as set forth above.

7.    The parties and the USPO further stipulated:

4

    (a)      The highest grade of Violation (Violation 1) is a Grade A violation (U.S.S.G. § 7B1.1(a)(2)).

    (b)      Mr. Pemberton's criminal history category is V.

    (c)      The range of imprisonment applicable upon revocation of Mr. Pemberton's supervised release, therefore, is 24 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

8.      The government argued for a sentence of twenty-four (24) months to be served consecutively to the sentence received under 1:19-cr-0268-TWP-MJD-1. Defendant argued for a sentence of no more than six (6) months to be served concurrently to the sentence received under 1:19-cr-0268-TWP-MJD-1.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, ANTHONY PEMBERTON, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months with no supervised release to follow. This sentence is to be served consecutive to the sentence received under 1:19-cr-0268-TWP-MJD-1.

Counsel for the parties and Mr. Pemberton stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Pemberton entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C.

§3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Pemberton's supervised release, imposing a sentence of twelve (12) months to be served consecutive to the sentence received under 1:19-cr-0268-TWP-MJD-1 with no supervised release to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 1/20/2022

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system